# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA FILED

JAN 25 2012

WADE ALLEN EDWARDS,             )
                                )
        Petitioner,              )
                                )
v.                              ) Case No. CIV 12-024-RAW-KEW
                                )
TIM WILKINSON, Warden,          )
                                )
        Respondent.             )

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, challenges his conviction and sentence in Johnston County District Court Case No. CF-2002-52. This is his second federal habeas corpus petition, his first petition having been dismissed as time-barred. *See Edwards v. Keith*, No. CIV-07-274-FHS-KEW (E.D. Okla. Jan. 15, 2008), *aff'd*, No. 08-7011 (10th Cir. Apr. 25, 2008).

Petitioner alleges, in part, that he has been denied due process and equal protection. He his codefendant Gary Lee Hicks both were charged with First Degree Felony Murder, with Arson as the underlying felony. Both defendants entered blind pleas to Second Degree Murder, based on an "inherently dangerous act," and each received a life sentence. In 2004 Mr. Hicks filed a petition for a writ of habeas corpus in this court's Case No. CIV 04-380-RAW-KEW, and he was granted relief when the plea was determined to have been involuntary. *Hicks v. Franklin*, 546 F.3d 1279, 1287 (10th Cir. 2008). Petitioner now argues

he should be allowed to withdraw his plea for the same reasons that Mr. Hicks was allowed to withdraw his plea.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner, however, has failed to receive the necessary order from the Tenth Circuit Court of Appeals. "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the circuit] court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)).

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*Cline*, 531 F.3d at 1252 (citations omitted). Here, the court finds this petition should be transferred to the Tenth Circuit Court of Appeals in the interests of justice.

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is transferred to the Tenth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED** this 25th day of January 2012.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

2